IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

FILED
IN OPEN COURT

FEB 1 1 2026

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| XAVIANA WATTS, | ) |
|    a/k/a "Yanna" | ) |
|    (Counts 1, 2, 7, 10, & 11) | ) |
| | ) |
| KING DIVINE, | ) |
|    a/k/a "Kadian Andrews" | ) |
|    a/k/a "Richard Williams" | ) |
|    (Counts 1-6, 8, & 9) | ) |
| | ) |
| JAVONE HAIRSTON, | ) |
|    a/k/a "Dink" | ) |
|    (Counts 1, 2, & 12) | ) |
| | ) |
| and | ) |
| | ) |
| DANTE HAWKINS | ) |
|    a/k/a "Juice" | ) |
|    (Counts 1 & 2) | ) |
| | ) |
| Defendants. | ) |
| | ) |

**UNDER SEAL**

CRIMINAL NO. 2:26-cr-19

Conspiracy to Commit Bank Fraud
18 U.S.C. § 1349
(Count 1)

Conspiracy
18 U.S.C. § 371
(Count 2)

Bribery of Public Officials
18 U.S.C. § 201(b)(1) & 2
(Counts 3-10)

18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) &
28 U.S.C. § 2461
Criminal Forfeiture

INDICTMENT

FEBRUARY 2026 TERM – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

At all times relevant to this Indictment, unless otherwise stated:

**GENERAL ALLEGATIONS**

1.      Defendants XAVIANA WATTS a/k/a "YANNA," JAVONE HAIRSTON a/k/a "Dink," and a separately charged defendant ("SCD") were residents of the Eastern District of Virginia.

2.      Defendant KING DIVINE a/k/a "Kadian Andrews" and/or "Richard Williams," was a resident of the Eastern District of Virginia from at least January 2022 through at least September 2023.

3.      The USPS is an independent agency of the United States charged with providing postal service throughout the United States.    As part of its responsibility to provide postal service, USPS employed postal carriers to collect, sort, and deliver U.S. mail.    Postal carriers are public officials as defined in Title 18, United States Code, Section 201(a)(1).

4.      Bank of America ("BofA"), TD Bank, N.A. ("TD Bank"), Chartway Federal Credit Union ("Chartway"), JPMorgan Chase Bank ("Chase"), and Navy Federal Credit Union ("Navy Federal") were financial institutions as defined in Title 18, United States Code, Section section 20 (hereinafter, the "financial institutions") and had physical branches, Automatic Teller machines ("ATMs"), teller windows, and employees in the Eastern District of Virginia and elsewhere.

## COUNT ONE
### (Conspiracy to Commit Bank Fraud)

5.      The General Allegations of this Indictment are realleged and incorporated as if fully set forth herein.

6.      From a time unknown to the Grand Jury, but beginning in and around 2022, and continuing through in and around January 2025, in the Eastern District of Virginia, and elsewhere, the defendants XAVIANA WATTS, KING DIVINE, JAVONE HAIRSTON, DANTE HAWKINS a/k/a "JUICE," SCD, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree with each other and with others

2

known and unknown to the Grand Jury to commit bank fraud, that is, to execute and attempt to execute a scheme and artifice to defraud the victim financial intuitions, and to obtain and attempt to obtain monies, funds, credits, assets, and securities owned by and under the custody and control of the victim financial institutions by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

## OBJECT OF THE CONSPIRACY

7. The object of the conspiracy was for the defendants to profit personally by obtaining checks sent through the mail, changing the "to" field on the checks, and then depositing altered financial instruments into various bank accounts.

## MANNER AND MEANS OF THE CONSPIRACY AND SCHEME TO DEFRAUD

8. It was part of the conspiracy and scheme to defraud that postal carriers located in the Eastern District of Virginia, and elsewhere, removed, and caused the theft of, checks belonging to various companies that had been mailed via the USPS.

9. It was a further part of the conspiracy and scheme to defraud that KING DIVINE, DANTE HAWKINS, SCD, and others known and unknown to the Grand Jury, made, and caused to be made, arrangements for themselves and others known and unknown to the Grand Jury to obtain, procure, and collect the stolen checks from the postal carriers.

10. It was a further part of the conspiracy and scheme to defraud that XAVIANA WATTS, KING DIVINE, JAVONE HAIRSTON, SCD, and others known and unknown to the Grand Jury, used peer-to-peer financial transfers to pay the postal carriers in exchange for checks which had been entrusted to the postal carriers and that came into the possession of the postal carriers through their employment as postal carriers.

3

11. It was a further part of the conspiracy and scheme to defraud that SCD, and other known and unknown to the Grand Jury, altered, and caused to be altered, the information printed on the stolen checks.

12. It was a further part of the conspiracy and scheme to defraud that XAVIANA WATTS, SCD, and others known and unknown to the Grand Jury, purchased, and caused to be purchased, various materials, including but not limited to specialized ink cartridges and printers.

13. It was a further part of the conspiracy and scheme to defraud that SCD, and others known and unknown to the Grand Jury, deposited and caused the deposit of altered and fraudulent checks into bank accounts at various financial institutions.

14. It was a further part of the conspiracy and scheme to defraud that XAVIANA WATTS, KING DIVINE, JAVONE HAIRSTON, DANTE HAWKINS, SCD, and others known and unknown to the Grand Jury, communicated with each other about the theft of mail, modifying the text originally printed on the checks, printing altered checks, depositing the modified checks, and obtaining the proceeds from the deposits using various means, including social media and messaging applications.

(In violation of Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Conspiracy)

15. The General Allegations of this Indictment are realleged and incorporated as if fully set forth herein.

16. From a time unknown to the Grand Jury, but beginning in and around 2022, and continuing through in and around January 2025, in the Eastern District of Virginia, and elsewhere, the defendants XAVIANA WATTS, KING DIVINE, JAVONE HAIRSTON, DANTE HAWKINS, SCD, and others known and unknown to the Grand Jury, did knowingly and willfully

4

combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to commit the following offense against the United States:

a. to steal, take, and abstract, and by fraud and deception obtains, and attempt so to obtain, from and out of any mail, post office, and station thereof, letter box, mail receptacle, and any mail route or other authorized depository for mail matter, and from a letter and mail carrier, any letter, postal card, package, bag, and mail, and abstracts and removes from any such letter, package, bag, and mail, any article and thing contained therein, and secret, embezzle, and destroy any such letter, postal card, package, bag, and mail, and any article and thing contained therein, that is, mail theft, in violation of Title 18, United States Code, Section 1708;

b. to, being a USPS employee, embezzle any mail, and any article and thing contained therein, entrusted to him or her and which comes into his or her possession intended to be conveyed by mail, and to, being a USPS employee, steal, abstract, and remove any such mail and article and thing contained therein, that is mail theft by a USPS employee, in violation of Title 18, United States Code, Section 1709.

### Object of the Conspiracy

17.    It was the object of the conspiracy for XAVIANA WATTS, KING DIVINE, JAVONE HAIRSTON, DANTE HAWKINS, and SCD to embezzle and steal mail that came into the postal carriers' possession through their employment as postal carriers, to alter the stolen checks, and finally to deposit the altered financial instruments into various financial institutions.

### Manner and Means

18. It was part of the conspiracy that that postal carriers located in the Eastern District of Virginia, and elsewhere, removed, and caused the theft of, checks belonging to various companies that had been mailed via the USPS.

19. It was a further part of the conspiracy that that KING DIVINE, DANTE HAWKINS, SCD, and others known and unknown to the Grand Jury, made, and caused to be made, arrangements for themselves and others known and unknown to the Grand Jury to obtain, procure, and collect the stolen checks from the postal carriers.

20. It was a further part of the conspiracy that that XAVIANA WATTS, KING DIVINE, JAVONE HAIRSTON, SCD, and others known and unknown to the Grand Jury, used peer-to-peer financial transfers to pay the postal carriers in exchange for checks which had been entrusted to the postal carriers and that came into the possession of the postal carriers through their employment as postal carriers.

21. It was a further part of the conspiracy that SCD, and other known and unknown to the Grand Jury, altered, and caused to be altered, the information printed on the stolen checks.

22. It was a further part of the conspiracy that XAVIANA WATTS, SCD, and others known and unknown to the Grand Jury, purchased, and caused to be purchased, various materials, including but not limited to specialized ink cartridges and printers.

23. It was a further part of the conspiracy that SCD, and others known and unknown to the Grand Jury, deposited and caused the deposit of altered and fraudulent checks into bank accounts at various financial institutions.

24. It was a further part of the conspiracy that XAVIANA WATTS, KING DIVINE, JAVONE HAIRSTON, DANTE HAWKINS, SCD, and others known and unknown to the Grand Jury, communicated with each other about the theft of mail, modifying the text originally printed

6

on the checks, printing altered checks, depositing the modified checks, and obtaining the proceeds from the deposits using various means, including social media and messaging applications.

### Overt Acts

25.     In furtherance of the conspiracy and to effect the objects of the conspiracy, one or more co-conspirators committed and caused to be committed one or more of the following overt acts:

    a.  On or about January 17, 2023, KING DIVINE transferred $400 via CashApp to an individual then-employed by the USPS.

    b.  On or about January 20, 2023, KING DIVINE transferred $400 via CashApp to an individual then-employed by the USPS.

    c.  On or about May 10, 2023, KING DIVINE transferred $500 via CashApp to an individual then-employed by the USPS.

    d.  On or about May 11, 2023, KING DIVINE transferred $150 via CashApp to an individual then-employed by the USPS.

    e.  On or about August 11, 2023, XAVIANA WATTS transferred $600 via CashApp to an individual then-employed by the USPS.

    f.  On or about August 25, 2023, KING DIVINE transferred $400 via CashApp to an individual then-employed by the USPS.

    g.  On or about September 5, 2023, KING DIVINE transferred $100 via CashApp to an individual then-employed by the USPS.

    h.  On or about September 6, 2023, XAVIANA WATTS transferred $700 via CashApp to an individual then-employed by the USPS.

i. On or about October 23, 2023, DANTE HAWKINS sent a text message to SCD containing a telephone number used by an individual then-employed by the USPS.

j. On or about October 27, 2023, XAVIANA WATTS transferred $500 via CashApp to an individual then-employed by the USPS.

k. On or about February 15, 2024, JAVONE HAIRSTON transferred $1,500 via ApplePay to an individual then-employed by the USPS.

(In violation of Title 18, United States Code, Section 371.)

**COUNTS THREE THROUGH TWELVE**
**(Bribery of a Public Official)**

26.    The General Allegations of this Indictment are realleged and incorporated as if fully set forth herein.

27.    On or about the dates listed below, in the Eastern District of Virginia and elsewhere, the defendants herein did, corruptly give, offer, and promise a thing of value to a public official, with intent to influence a public official to commit and aid in committing and to collude in, and allow, and to make opportunity for the commission of a fraud on the United States and induce a public official to do an act and omit to do an act in violation of his/her official duty, and aided and abetted the same, to wit:

8

| Count | Date (on or about) | Defendant(s) | Description |
|---|---|---|---|
| 3 | 1/17/2023 | KING DIVINE | $400 CashApp transfer to an individual then-employed by the USPS. |
| 4 | 1/20/2023 | KING DIVINE | $400 CashApp transfer to an individual then-employed by the USPS. |
| 5 | 5/10/2023 | KING DIVINE | $500 CashApp transfer to an individual then-employed by the USPS. |
| 6 | 5/11/2023 | KING DIVINE | $150 CashApp transfer to an individual then-employed by the USPS. |
| 7 | 8/11/2023 | XAVIANA WATTS | $600 CashApp transfer to an individual then-employed by the USPS. |
| 8 | 8/25/2023 | KING DIVINE | $400 CashApp transfer to an individual then-employed by the USPS. |
| 9 | 9/5/2023 | KING DIVINE | $100 CashApp transfer to an individual then-employed by the USPS. |
| 10 | 9/6/2023 | XAVIANA WATTS | $700 CashApp transfer to an individual then-employed by the USPS. |
| 11 | 10/27/2023 | XAVIANA WATTS | $500 CashApp transfer to an individual then-employed by the USPS. |
| 12 | 2/15/2024 | JAVONE HAIRSTON | $1,500 ApplePay transfer to an individual then-employed by the USPS. |

(In violation of Title 18, United States Code, Sections 201(b)(1) & 2.)

9

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.      The defendants, if convicted of the violation alleged count 1 of this Indictment, shall forfeit to the United Stales, as part of sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation.

2.      The defendants, if convicted of the violation alleged count 2 of this Indictment, shall, as to the 18 U.S.C. § 1708 object of count 2, forfeit to the United Stales, as part of sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      The defendants, if convicted of any of the violations alleged counts 3 through 10 of this Indictment, shall forfeit to the United Stales, as part of sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

4.      If any properly that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e.).

(In accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).)

10

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office

*United States v. Xaviana Watts, et. al.*, Criminal No. 2:26cr___19___

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON

TODD BLANCHE
DEPUTY ATTORNEY GENERAL

By: _____
Anthony Mozzi
Assistant U.S. Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510-1671
Phone: (757) 441-6331
Fax:    (757) 441-6689
Email: anthony.mozzi@usdoj.gov

11